IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ETHAN POLICASTRO | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-4362 |
| | : | |
| KROSS LIEBERMAN & STONE, INC. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                          **December 10, 2019**

Plaintiff Ethan Policastro filed this action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., against Defendant Kross Lieberman & Stone, Inc. (Kross). After Kross was served, it failed to appear in this action. The Court directed Policastro to request the Clerk of Court enter Kross's default pursuant to Federal Rule of Civil Procedure 55(a) and to apply for entry of default thereon pursuant to Rule 55(b). Instead, Policastro moved the Court for default judgment, which the Court denied for Policastro's failure to have the Clerk enter Kross's default. To date, despite additional direction from the Court, Policastro has taken no further action to litigate this case. The Court will therefore dismiss this action without prejudice for failure to prosecute.

**BACKGROUND**

On October 10, 2018, Policastro filed this case alleging violations of the FDCPA. On November 6, 2018, Policastro filed an affidavit of service with the Court asserting Kross had been served by United States Mail. *See* Aff. of Service, Nov. 6, 2018, ECF No. 2. Policastro then took no action for two months. On January 18, 2019, the Court ordered Policastro to seek entry of Kross's default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a), and to apply for entry of default thereon pursuant to Rule 55(b), on or before February 1, 2019. *See* Order, Jan. 18, 2019, ECF No. 3.

On February 1, 2019, Policastro filed a motion for entry of default judgment. *See* Mot. for Entry of Default J., Feb. 1, 2019, ECF No. 5. On April 9, 2019, the Court denied Policastro's motion without prejudice because he had not sought entry of default by the Clerk. *See* Order, Apr. 9, 2019, ECF No. 6. Policastro again took no action with regard to seeking the entry of default by the Clerk.

On June 7, 2019, the Court directed Policastro to seek entry of Kross's default or show cause as to why a request for default had not been filed on or before June 21, 2019. *See* Order, June 7, 2019, ECF No. 7. The Court informed Policastro that failure to comply with its June 7 Order may result in dismissal of his action for failure to prosecute. *See id.* To date, Policastro has not taken any further action in regard to this case.

**DISCUSSION**

Federal Rule of Civil Procedure 41 permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). Ordinarily, before dismissing a case as a sanction for a party's litigation conduct, a court is required to evaluate the factors identified by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007); *see also McLaren v. N.J. State Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012).

It is questionable whether an analysis of the *Poulis* factors is necessary, given Policastro's failure to comply with the Court's Orders or to communicate with the Court in any way since February 2019. Assuming a *Poulis* analysis is required, the Court finds dismissal is warranted under *Poulis*.

Initially, the first *Poulis* factor—personal responsibility—weighs against dismissal. Because Policastro is represented by counsel, it is unclear the extent that Polcastro is responsible for the failure to prosecute this action. *See Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 194 (3d Cir. 2010) (finding responsibility factor weighed against dismissal where there was no evidence the plaintiff, as opposed to counsel, was personally responsible for not securing default judgment).

The second *Poulis* factor—the prejudice to Kross—also weighs against dismissal. Kross has not entered an appearance or otherwise defended against Policastro's claims. Furthermore, there is no evidence that Policastro's failure to prosecute this case has impaired Kross's ability to prepare a meaningful defense or has imposed excessive costs on Kross. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (affirming district court's finding that "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial" to warrant dismissal); *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994) ("Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable

burdens or costs imposed on the opposing party." (internal quotations omitted)). The Court therefore weighs this factor against dismissal.

Third, Policastro has displayed a pattern of dilatoriness in this case, which weighs in favor of dismissal. After initially serving Kross, Policastro has routinely failed to take affirmative steps to litigate this case or obtain a default judgment. On three separate occasions, Policastro has further failed to comply with Court Orders directing him to request entry of default from the Clerk. *See Adams*, 29 F.3d at 874 ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders."). This factor therefore weighs in favor of dismissal.

The fourth *Poulis* factor—willfulness or bad faith conduct—also weighs in favor of dismissal. As noted, this Court has given Policastro ample opportunity to request entry of default from the Clerk of Court and apply for default judgment pursuant to Federal Rule of Civil Procedure 55. *See* Order, Jan. 18, 2019, ECF No. 3; Order, Apr. 9, 2019, ECF No. 6; Order, June 7, 2019, ECF No. 7. Despite this Court's repeated directions and warning that failure to comply may result in dismissal, Policastro has failed to act. Policastro's failure can consequently be regarded as willful. *See Cleary v. Atria Mgmt. Co.*, No. 15-2779, 2015 WL 4770913, *2 (E.D. Pa. 2015) ("The Plaintiff ignored a communication from Chambers, two direct Court orders, and several extension periods. His decision to ignore these demands, 'even after express warnings about the consequences, can only be regarded as willful.'" (citation omitted))

Fifth, although the Court could issue fines or costs as sanctions for Policastro's failure to comply, the Court has noted that failure to comply with its Orders would result in dismissal of the action, and dismissal is an effective sanction. Therefore, the fifth *Poulis* factor—the effectiveness of sanctions other than dismissal—weighs in favor of dismissal.

The final *Poulis* factor—the meritoriousness of Policastro's claims—is neutral. Given that the Court can only evaluate the allegations set forth in Policastro's complaint, the Court cannot adequately determine the merits of his claims. As the Third Circuit has noted, however, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted). Even assuming this factor weighs against dismissal, the third, fourth, and fifth *Poulis* factors weigh strongly in favor of dismissal and tip the balance in favor of dismissing Policastro's case against Kross.

**CONCLUSION**

Accordingly, this action will be dismissed without prejudice for failure to prosecute.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.